## Case No. 6,606.

### HOLLAND v. CRANSTON.

[1 Curt. 497.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1853.

MUNICIPAL CORPORATIONS — RHODE ISLAND STATUTES—DEFECTIVE HIGHWAY—DAMAGES.

The thirteenth section of the act of Rhode Island "concerning towns," &c. (Dig. 299), requires notice to the inhabitants before an action on the case is brought against the treasurer. for damages suffered by reason of a defect in a highway, which the town was bound to keep in repair.

This was an action on the case [brought by John Holland against the town treasurer of Cranston] to recover damages for an injury received by the plaintiff through a defect in a highway, which the town was bound to keep in repair. The defendant pleaded that no notice was given to the electors of the town, pursuant to the thirteenth section of the act concerning towns (Dig. 299). The plaintiff demurred.

Blake and Rivers, in support of demurrer. Mr. Carpenter, contra.

CURTIS, Circuit Justice. The question raised by this plea is, whether a demand against a town, for damages suffered through its neglect to keep one of its highways in repair, is within the thirteenth section of the act concerning towns, found in the Digest (page 299). This is so purely a question of local law, that I had hoped it might be found to have been settled, if not by any decision of the state courts, at least by a practice, so long continued, that it ought not to be departed from. But it appears, from the statement of gentlemen of the bar of much experience, that the practice itself has not been uniform; and the question being raised, I must determine it. The general purposes of this section may be stated to be, to provide remedy for persons having demands upon towns, by enabling them to recover judgments thereon, against the town treasurers personally; and to afford means to such treasurers, to obtain reimbursement of what they may pay upon such judgments. The terms of the act are sufficiently broad to embrace this claim. Those terms are: "Every person who shall have any money due to him from any town, or any demand against any town, for any matter, cause, or thing whatsoever, shall take the following method to obtain the same," viz.: and then follows the description of the method. But it is argued, that what follows, as well as the nature of the case shows, that the act was limited to claims arising from contract, and does not include those arising from torts. In describing the method of proceeding, it requires the claimant to pre-

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

sent "a particular account of his debt or demand, and how contracted." These last words certainly tend to show that the debts or demands referred to were such as arose from contract. In the absence of any words manifesting a contrary intent, they would be sufficient to show that. But there are such words, occurring, not in the description of the mode of proceeding, but inserted for the very purpose of describing and identifying the claims intended to be included. Any money due, or any demand, for any matter, cause, or thing whatever, do not admit of being narrowed down to claims ex contractu, without doing some violence to those terms. It is true they may have been intended to be thus restricted, and this intention may appear in other parts of the section, or from the nature and objects of the provision. But so the words, "and how contracted," admit of the interpretation, that they were intended to refer to cases of contracts, and to require a statement of how it was contracted, if a debt was claimed, but were not designed to import that no demand should be made, unless it was shown how it was founded on a contract. In other words, that this clause should be read, "and how contracted, if founded on contract."

It has been urged, also, that torts are not included, because it is not practicable to present "a particular account" of such a demand. Certainly a claim for unliquidated damages for a tort is not a subject of account; but neither is a claim for unliquidated damages for breach of contract. And to include them, it is necessary to understand the word account, not in its strict sense, but more popularly, as equivalent to statement. It was further argued, that claims like this were not within the mischief intended to be provided against. That mischief appears to have been, that towns might be involved in litigation, without the knowledge or consent of a majority of the inhabitants; and the act was designed to secure to such majority an opportunity to determine whether the town would engage in a lawsuit, before it should be begun, or any expenses incurred. I do not perceive why such a case as this is not within that mischief, as clearly as any other. But the principal argument relied on by the plaintiff's counsel, was, that the thirteenth section of the act concerning highways (Dig. 326), has given an action on the case against the treasurer of the town, for damages suffered by reason of a defective way, which the town was bound to repair. And it was urged that this right is here given absolutely, and that a condition, drawn from the other act, cannot be appended to it. This argument would be conclusive, if it were any part of the purpose of that act, concerning towns, to create rights, or define what should be legal causes of action. But it is not. It assumes that the claimant has a valid demand against the town, founded

on some other law, and then proceeds to direct how it shall be treated. It says, "Every person who shall have any money due to him from any town, or any demand against any town, &c., shall take the following method to obtain the same." It is only the method of obtaining payment of a just demand, which this law has in view, and therefore, to say that another law has made the town liable, is only to say he has a just demand; if so, the question still remains whether he must not take that prescribed method of obtaining the same. It is true the law concerning highways not only makes the town liable, but in express terms gives an action on the case against the treasurer. But was it not intended that the action thus given should be subject to the same general rules as all other similar actions against town treasurers? To answer this question, it seems to me sufficient to observe that while this act gives the action against the treasurer, it points out no mode in which he can reimburse himself. It surely could not have been the intention of the legislature that the treasurer should be made personally liable for such a claim against his town, and then left with no sufficient remedy. This would not only be contrary to natural justice, but to the sense of it which the legislature have shown it entertained; for in the section of the act concerning towns, a remedy is carefully provided. I cannot doubt, therefore, that, so far as respects the mode of reimbursing the treasurer, a judgment recovered in this action would be within the thirteenth section of the act concerning towns; and if so, I do not perceive how the conclusion can be avoided, that the right of the plaintiff is also regulated by that section. Because the protection extended to the treasurer is expressly limited to the cases included in the first part of the section respecting the mode of proceeding to recover claims.

To state my view more generally, I should say that the act concerning towns requires all persons, before bringing any action against a town treasurer for any demand against a town, to present to the electors, when legally assembled in town-meeting, a particular statement of his demand; and it enables the town treasurer to reimburse himself for what he may be obliged to pay on any judgment so recovered against him. And when the law concerning highways gave an action on the case against the treasurer, it subjected that action to the requirements of the act concerning towns, just as it subjected it to the laws concerning the service and return of writs, and the rules of pleading and proceeding prescribed by other statutes. That when the legislature say an action on the case may be brought, they mean, by complying with the requirements of the law concerning actions on the case; and when they say it may be brought against the treasurer of the town, for a de-

mand against the town, they mean, by complying with the requirements of the law concerning such actions; and one of those requirements is, previous notice.

I have been referred to the case of Hull v. Richmond [Case No. 6,861]; but it is manifest that, though the point was there taken, it was not decided. A doubt is expressed, which I felt quite as strongly as it is there expressed, until more mature consideration satisfied me it was not well founded. The demurrer must be overruled, and the plea adjudged a good bar.

---

HOLLAND (HAVEN v.), See Case No. 6,229.

HOLLAND (KNOWLTON v.). See Case No. 7,904.

HOLLAND (POTTER v.). See Cases Nos. 11,329 and 11,330.

HOLLAND (SWAIN v.). See Case No. 13,661.

HOLLAND (UNITED STATES v.). See Cases Nos. 15,377 and 15,378.